Michael Napier, State Bar No. 002603
Eric R. Wilson, State Bar No. 030053
Cassidy L. Bacon, State Bar No. 031361
**NAPIER, BAILLIE, WILSON, BACON, & TALLONE, P.C.**
2525 E. Arizona Biltmore Circle, Suite 135
Phoenix, AZ 85016-0001
Phone: (602) 248-9107
mike@napierlawfirm.com
ewilson@napierlawfirm.com
clbacon@napierlawfirm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Turiano, an individual, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** |
| v. | |
| City of Phoenix, a municipal corporation; and Does 1-20, | **Civil Rights – 42 U.S.C. § 1983** |
| Defendants. | |

For his Complaint against the City of Phoenix, Plaintiff Christopher Turiano alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983 and the laws and Constitution of the United States. As such, jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has jurisdiction to issue injunctive relief pursuant to 28 U.S.C.

1

§ 2202 and Federal Rule of Civil Procedure 65. The Court has authority to award attorneys' fees under 42 U.S.C. § 1988(b).

2. Venue properly lies within this District under A.R.S. § 12-401 and 28 U.S.C. § 1391(b). This Court, accordingly, has personal jurisdiction over the Defendant.

3. The named Defendant and its agents perform their official duties in this District, and the events giving rise to Plaintiff's claims have occurred or will occur in this District.

**PARTIES**

4. Plaintiff incorporates each paragraph above into this claim.

5. Plaintiff is, and was at all relevant times, a resident of Phoenix. He is a certified peace officer and employed by the Phoenix Police Department.

6. Defendant City of Phoenix is a municipal corporation, organized and existing under the laws of the State of Arizona. The Phoenix Police Department is an agency of the City, acting through its employees and agents.

7. Plaintiff is unaware of the true names and/or capacities of Defendants sued herein as Does 1-20, and therefore sue said Defendants by fictitious name. Plaintiff will amend his complaint to allege their true names and capacities when ascertained.

8. Defendant, though its employees and agents, participated in and/or continue to participate in the unlawful conduct herein described by personally participating in the unlawful conduct, authorizing the unlawful conduct, and/or failing to take action to prevent the unlawful conduct.

# GENERAL ALLEGATIONS

9. Plaintiff incorporates each paragraph above into this claim.

10. Plaintiff is employed as a certified peace officer by the City of Phoenix and has served in that capacity since 1996.

11. The terms and conditions of Plaintiff's employment are set forth in a Memorandum of Understanding ("MOU") negotiated by the Phoenix Law Enforcement Association ("PLEA"), a labor organization representing the rank-and-file officers of the Phoenix Police Department.

12. Plaintiff is currently assigned to the Department's Tactical Response Unit ("TRU") as a DOU trainer. TRU is a specialty detail comprised of officers with specialized training to deal with large protesting crowds.

13. Plaintiff worked in his capacity as a grenadier during a protest on August 22, 2017 taking place in downtown Phoenix.

14. During the protest, Plaintiff fired a 40 mm OC impact round at a protester who had kicked a tear gas grenade into a group of police officers. The round struck the protestor in the groin. This incident was recorded and published by news media.

15. On September 4, 2018, Plaintiff, along with the City of Phoenix and numerous other City employees, was named in a lawsuit alleging constitutional violations related to the Department's protest response (hereinafter "Protest Lawsuit").

16. The City and its employees are represented in the Protest Lawsuit by the law firms of Osborn Maledon and Manning & Kass, Ellrod, Ramirez, Trester, LLP.

17. At some point during the discovery process, attorneys from Osborn Maledon requested that the employees, including Plaintiff, allow their personal cell phone data to be imaged and searched for specific terms that were relevant to the litigation. To gain their compliance, the employees were assured that they data would be subject to a protective order, that it would be stored confidentially by a third-party vendor, and that it would be used only for purposes of the litigation.

18. Due to the assurances, Plaintiff agreed to the download.

19. Upon information and belief, a protective order concerning the data was entered with the court.

20. Upon information and belief, that data remains stored with the third-party vendor.

21. In approximately February 2021, news outlet ABC15 aired a story about a challenge coin that had circulated amongst employees of the Phoenix Police Department. Shortly thereafter, City Manager Ed Zeurcher announced that the City would be hiring an outside law firm, Ballard Spahr, to conduct an investigation into the creation and circulation of the coin ("BS Investigation").

22. On March 24, 2021, Plaintiff received a letter from a Ballard Spahr attorney, requesting Plaintiff's consent to search his private cell phone data being stored in connection with the Protest Lawsuit. Plaintiff declined, citing his right to privacy.

23. Upon information and belief, the BS Investigation concluded on August 3, 2021. The investigation report established that Plaintiff received a patch depicting the same image as the controversial challenge coin through interoffice mail.

24. Upon information and belief, PSB was directed to conduct a follow-up investigation once the BS Investigation concluded.

25. On July 28, 2021, PSB Lt. Ryan Junas asked Plaintiff for consent to access and search his stored private cell phone data for references related to a challenge coin. Again, he declined consent, maintaining his right to privacy.

26. On August 11, 2021, Lt. Junas spoke with Plaintiff's PLEA representative, Officer Mike Thomas, to inform them that the City would be compelling Plaintiff to permit a search of his downloaded cell phone data for the following search terms: "challenge coin," "one nut at a time," "Cobin," and "night" within five words of "left." Lt. Junas also informed Ofc. Thomas that, if Plaintiff refused, he would be subject to discipline "up to and including termination."

27. On August 12, 2021, Plaintiff reported to PSB where Lt. Junas informed him that he was officially being compelled to grant access to his phone data.

28. When Plaintiff again declined, citing Fourth Amendment concerns, he was served with a notice of investigation alleging "On July 28, 2021, you refused to participate fully in an administrative investigation by failing to provide materials requested by investigators. More specifically, you refused to consent to allow investigators access to data previously obtained by the City from your personal device."

29. Upon information and belief, because he declined, the City intends to find Plaintiff in violation of certain Personnel Rules to support disciplinary action against Plaintiff, up to and including termination.

## COUNT I – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF FOR VIOLATION OF FOURTH AMENDMENT

30. Plaintiff incorporates each paragraph above into this claim.

31. Pursuant to 28 U.S.C. § 2202 and Federal Rule of Civil Procedure 57, this Court has the authority to grant injunctive relief.

32. Plaintiff has a constitutional right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution. He also has a constitutional right to be free from retaliation for exercising his constitutional rights.

33. At the time Plaintiff was ordered to submit to a search of his personal cell phone records, Defendant was unable to establish reasonable suspicion for the search.

34. After Plaintiff's refusal to waive his fourth amendment rights, Defendant retaliated against Plaintiff by intentionally or recklessly authorizing an investigation against him.

35. The conduct of Defendant and its agents violated the rights of Plaintiff to be free from unreasonable searches and seizures and to be free from retaliation for the exercise of his constitutional rights.

36. As a proximate result of the unlawful conduct of Defendant and its agents, Plaintiff suffered and will continue to suffer harm in the form of a continued Fourth Amendment violation, as well as monetary damages in the form of lost time and wages and money that will be spent to litigate this issue and any resulting discipline.

37. There is a strong likelihood of success for Plaintiff on the merits.

38. The afore-described injury to Plaintiff will be immediate and irreparable.

39. The balance of hardship weighs heavily in favor of Plaintiff.

40. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court enter an order as follows:

    (a)    Issuing a temporary restraining order immediately restraining Defendant and its elected officials, appointed officials, directors, administrators, officers, managers, agents, servants, affiliates, employees, attorneys, and any and all other persons in active concert or participation with them, from pursuing any further pre- or post-deprivation proceedings against Plaintiff pending further determination by this Court.

    (b)    Issuing an order directing Defendant to show cause why Plaintiff should not be granted the relief sought in his Application and Motion for a Temporary Restraining Order (with notice) and Preliminary Injunctive Relief.

    (c)    Issuing an order to set hearing on preliminary injunction providing Defendant with notice of the date and time of the hearing on Plaintiff's Motion for Preliminary Injunctive Relief as to why a preliminary injunction should not be issued with the same force and effect as the TRO.

    (d)    Granting Plaintiff's request for a preliminary injunction pending a determination of this matter on the merits.

    (e)    Granting Plaintiff's request for injunctive relief.

    (f)    Ordering payment by Defendant of Plaintiff's attorneys' fee and costs.

1     (g)     For such other relief as the Court deems necessary and appropriate.

2               DATED this 18th day of August 2021.

**NAPIER, BAILLIE, WILSON, BACON & TALLONE, P.C.**

*/s/ Cassidy L. Bacon*
Michael Napier
Eric R. Wilson
Cassidy L. Bacon
2525 E. Arizona Biltmore Circ, Ste 135
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

# VERIFICATION

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

I, Christopher Turiano, under oath, hereby state the following:

1. I am the Plaintiff in the above-entitled matter.

2. I have read the foregoing Complaint and know the contents thereof;

3. The statement and matters alleged are true to the best of my own personal knowledge, except as to those matters stated upon information and belief, and as to such matters, I reasonably believe them to be true.

4. The statements and matters alleged show cause for the granting of a temporary restraining order and preliminary and permanent injunctive relief.

I, Christopher Turiano, declare, certify, verify or state under penalty of perjury that the foregoing is true and correct.

EXECUTED this 17th day of August, 2021.

_____
Christopher Turiano

SUBSCRIBED AND SWORN TO before me this 17TH day of August 2021 by Christopher Turiano.

_____
**Notary Public**

My Commission Expires: November 01, 2023

MICHELLE BISHOP
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMMISSION # 572767
MY COMMISSION EXPIRES
NOVEMBER 01, 2023

9