Michael Napier, State Bar No. 002603
Eric R. Wilson, State Bar No. 030053
Cassidy L. Bacon, State Bar No. 031361
**NAPIER, BAILLIE, WILSON, BACON, & TALLONE, P.C.**
2525 E. Arizona Biltmore Circle, Suite 135
Phoenix, AZ 85016-0001
Phone: (602) 248-9107
mike@napierlawfirm.com
ewilson@napierlawfirm.com
clbacon@napierlawfirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Turiano, an individual, | Case No.: |
| Plaintiff, | **APPLICATION FOR ORDER TO SHOW CAUSE** |
| v. | **AND** |
| City of Phoenix, a municipal corporation; and Does 1-20, | **MOTION FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE) AND PRELIMINARY INJUNCTIVE RELIEF** |
| Defendants. | *Expedited Ruling Requested* |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Christopher Turiano hereby moves this Court for issuance of:

1) A Temporary Restraining Order ("TRO") prohibiting Defendant City of Phoenix and its elected officials, appointed officials, agents, employees, attorneys, and all other persons or entities in active concert or participation with them, from

1

pursuing any further administrative and/or investigative proceedings against Plaintiff pending further determination by this Court.

2) An Order directing Defendant to show cause why Plaintiff should not be granted the relief sought in this Application and Motion for a TRO (with notice) and Preliminary Injunctive Relief.

3) An Order to Set Hearing on Preliminary Injunction providing Defendant with notice of the date and time of the hearing on Plaintiff's Motion for Preliminary Injunctive Relief as to why a preliminary injunction should not be issued in the same force and effect as the TRO.

This Application and Motion is supported by the following Memorandum of Authorities and the Verified Complaint for Injunctive Relief filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Christopher Turiano is a police officer facing the possibility of significant discipline, up to termination, for declining to grant his employer access to his private cell phone data. Given the continued Constitutional violation should his employer's actions be permitted to continue, we ask the Court to grant a temporary restraining order and preliminary and permanent injunctive relief.

### II. FACTUAL BACKGROUND

Plaintiff Christopher Turiano is a police officer for the City of Phoenix assigned to the Department's Tactical Response Unit as a DOU trainer and grenadier. On August 22, 2017, he was working a protest in downtown Phoenix. During that protest, he fired a 40

mm OC impact round at a protester who had kicked a tear gas grenade at police officers. The round struck the protester in or near the groin.

Ultimately, the Phoenix Police Department and several of its police officers, including Officer Turiano, were named in a lawsuit alleging constitutional violations in its protest response. The Department and officers are being defended against the allegations by the law firms Osborn Maledon and Manning & Kass, Ellrod Ramirez, Trester, LLP. During the course of discovery, attorneys from Osborn Maledon requested that the officers, including Officer Turiano, allow their personal cell phone data to be imaged and searched for specific terms that were pertinent to the litigation. The officers were assured that the data would be subject to a protective order, that it would be stored by a third-party vendor, and that it would be used only for purposes of the litigation. Due to these assurances, Officer Turiano agreed. That data remains stored with the third-party vendor.

In February of 2021, the City of Phoenix announced an outside investigation into the circulation of an inappropriate challenge coin commemorating the protest. On March 24, 2021, the investigator requested Officer Turiano's consent to search the existing phone data. On March 31, 2021, Officer Turiano declined, citing privacy concerns. When the outside investigation concluded, the Department's Professional Standards Bureau ("PSB") initiated its own investigation and, on July 28, 2021, asked Officer Turiano to grant investigators access to his private cell phone data. Again, he declined.

On August 11, 2021, PSB Lieutenant Ryan Junas contacted Officer Turiano's PLEA representative, Officer Mike Thomas, and notified him that the City was compelling Officer Turiano to consent to a search of his private cell phone data. Lt. Junas stated that if

Officer Turiano did not comply, he would be subject to discipline, "up to and including termination."

On August 12, 2021, Officer Turiano was directed to report to PSB. On his arrival, Lt. Junas once again demanded that he consent to having his private cell phone data searched by the City. Officer Turiano again declined, and he was served with a Notice of Investigation ("NOI") that read: "On July 28, 2021, you refused to participate fully in an administrative investigation by failing to provide materials requested by investigators. More specifically, you refused to consent to allow investigators access to data previously obtained by the City from your personal device."

On August 13, 2021, the City was notified of Officer Turiano's intent to seek a temporary restraining order and injunctive relief.

## III. LEGAL ARGUMENT

A preliminary injunction is an "extraordinary remedy" that may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts typically apply a sliding scale to assess these factors. *See Alliance of the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Thus, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is

in the public interest." *Id.* Here, the four factors weigh heavily in Officer Turiano's favor, particularly when assessed using the sliding scale.

**A.  Officer Turiano is likely to succeed on the merits.**

The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures, shall not be violated . . . ." This right extends to when the government is acting in its capacity as an employer. *Treasury Employees v. Von Raab*, 489 U.S. 656, 665 (1989). "Individuals do not lose Fourth Amendment rights merely because they work for the government instead of a private employer." *O'Connor v. Ortega*, 480 U.S. 709, 711 (1987). "[W]here an employee has a legitimate privacy expectation, an employer's intrusion on that expectation '. . . for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances.'" *Id.* at 725-26. Under such circumstances, a government employer may search an employee's personal property when 1) the search is justified at inception based on reasonable suspicion, and 2) the search is reasonable in scope. *Id.*

There is no question that, like all citizens, police officers have a reasonable expectation of privacy in the data contained on their personal cell phones. *See, e.g.*, *Riley v. California*, 573 U.S. 373 (2014). Officer Turiano maintained that reasonable expectation of privacy in the data downloaded from his personal cell phone. When the data was downloaded in 2018, he was assured by the attorneys handling the case that the data would remain confidential, be subject to a protective order, and be used only for purposes of the litigation. The data was never in the possession of the City or its attorneys. It was, instead,

downloaded and stored by a third-party company. Thus, Officer Turiano maintained a reasonable expectation of privacy and may only lawfully be compelled to consent to a search of the data if such a search is justified based on reasonable suspicion.

The concept of reasonable suspicion is "somewhat abstract," but it requires more than a mere hunch. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). In an employment context, it requires there be "reasonable grounds for suspecting that the search will turn up evidence that the employee is guilty of work-related misconduct." *Ortega*, 480 U.S. at 726. It is the government's burden to articulate facts sufficient to support reasonable suspicion. *Brown v. Texas*, 443 U.S. 47, 52 (1979). Here, Officer Turiano's cell phone data is sought in connection with the creation of a challenge coin. But there is no rational basis for the City to suspect that searching the cell phone data will turn up evidence that Officer Turiano is guilty of workplace misconduct. The City has presented no evidence that Officer Turiano was involved in the creation of the challenge coin, nor have they alleged any connection whatsoever between the challenge coin and *any* cell phone data, let alone Officer Turiano's. The Fourth Amendment does not permit the City to compel an employee's personal cell phone data for the purposes of a baseless fishing expedition. Officer Turiano was, therefore, justified in refusing consent for the search, and the City's investigation into that refusal is unwarranted and retaliatory.

Retaliation for the exercise of a person's constitutional rights, in and of itself, constitutes a violation of the Constitution. *See Crawford-El v. Britton*, 523 U.S. 574, 588 n.10 (1998). The initiation of an investigation into Officer Turiano's refusal to consent to an unjustified search of his personal cell phone data, coupled with the threat of substantial

discipline, cannot be viewed as anything other than retaliation. A preliminary injunction is warranted in order to prevent the continued and future violation of Officer Turiano's constitutional rights. *See Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) (An injunction that "prevents future constitutional violations . . . [is] a classic form of prohibitory injunction.").

These facts demonstrate that Officer Turiano is likely to succeed on the merits of his Fourth Amendment claim for injunctive relief. At the very least, serious questions exist about the constitutionality of the City's actions such that an injunction should issue.

**B.  Officer Turiano has already suffered, and will continue to suffer, irreparable harm.**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Collins v. Brewer*, 727 F. Supp. 2d 812 (D. Ariz. 2010) (Constitutional violations "cannot be adequately remedied through damages and therefore generally constitute irreparable harm."). And while monetary harm is not normally considered irreparable, "the loss of one's job . . . carries emotional damages and stress, which cannot be compensated by mere back payment of wages." *Nelson v. National Aeronautics and Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008) (reversed on other grounds).

Officer Turiano has already suffered irreparable harm due to the City's violation of his Fourth Amendment rights. And without a TRO, the City's retaliatory investigation will continue this violation. Further, should the City finalize its investigation and make good

on its threat to discipline him "up to and including termination," then he is at risk of additional irreparable damage to both his finances and professional reputation.

### C. The balance of hardships and public interest tip decidedly in Officer Turiano's favor.

The third and fourth factors, the balance of hardships and public interest, tip decidedly in Officer Turiano's favor. As outlined above, he may suffer significant economic hardships if the TRO and preliminary injunction are denied. *See Arnett v. Kennedy*, 416 U.S. 134, 194 (1974) (White, J., concurring in part and dissenting in part) ("The impact on the employee of being without a job pending a full hearing is likely to be considerable . . . ."). In comparison, any hardship to the City would be minimal, if it exists at all. Total wages for the police officer employee unit, which includes Officer Turiano's position, were budgeted for through the 2021-2123 contractual period. And, any potential monetary loss to the City could be easily remedied at the conclusion of the legal proceedings.

Moreover, it is well established that "the public interest and the balance of the equities favor preventing the violation of a party's constitutional rights." *Ariz. Dream Act Coal., v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014). In fact, "it is *always* in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002 (internal quotation marks omitted) (emphasis added). As discussed above, the City's investigation is in retaliation for Officer Turiano's exercise of his constitutional rights. Thus, this Court should find that the balance of harm and the public interest weigh in favor of granting the requested preliminary injunctive relief.

## IV. NOTICE

Plaintiff's counsel provided Defendant with notice of the intent to seek a TRO and preliminary injunction by email to City Attorney Julie Kriegh on August 13, 2021. An electronic copy of his Application and Motion will also be provided to defense counsel at the time of filing.

## V. CONCLUSION

Plaintiff has demonstrated that he is likely to succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of a preliminary injunction, and that the balance of equities and public interest favor the issuance of an injunction. For these reasons, Plaintiff respectfully requests that the Court grant this application as follows:

1. The Court should issue an immediate TRO, pending a hearing on the request for a preliminary injunction, that enjoins Defendant, its elected officials, appointed officials, agents, employees, attorneys, and all other persons or entities in active concert or participation with them, from pursuing any further administrative and/or investigative proceedings against Plaintiff for refusing to waive his Fourth Amendment rights pending further determination by this Court.

2. The Court should issue an Order to Show Cause why a preliminary injunction should not issue to enjoin Defendant from proceeding with a misconduct investigation in violation of Officer Turiano's fourth amendment rights.

3. This Court should issue an Order to Set Hearing on Preliminary Injunction providing Defendant with notice of the date and time of the hearing on Plaintiff's

Motion for Preliminary Injunctive Relief as to why a preliminary injunction should not be issued in the same force and effect as the TRO.

RESPECTFULLY SUBMITTED this 18th day of August 2021.

**NAPIER, BAILLIE, WILSON, BACON & TALLONE, P.C.**

/s/ Cassidy Bacon
Michael Napier
Eric R. Wilson
Cassidy L. Bacon
2525 E. Arizona Biltmore Circ, Ste 135
Phoenix, Arizona 85016
*Attorneys for Plaintiff*